UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert L. Goldman, | Case No.: 2:19-cv-02227-JAD-BNW |
| Plaintiff | |
| v. | **Order Granting Motion to Strike** |
| Vigilant Insurance Company, | [ECF No. 70] |
| Defendant | |

Defendant Vigilant Insurance Company moves to strike Craig Marquiz's 44-page declaration, which is attached to Robert Goldman's response to Vigilant's motion for summary judgment.[1] Vigilant relies on LR 7-3(a), LR 56-1, LR 7-2(g), LR 7-3(c), and LR IA 10-1(d) and contends that "[t]he declaration operates in part as a separate statement of facts, and it also includes factual and legal argument well in excess of the 30-page MSJ response limit."[2] Goldman responds that "Vigilant's strained argument is absurd" and that the "[d]eclaration fully complies with all such rules!"[3]

I find that Marquiz's declaration is a clear attempt to circumvent the local rules limiting the length of response briefs to motions for summary judgment. As Vigilant points out, this filing "comes after Plaintiff sought 12 extensions of time to file the brief, spanning more than six months in total."[4] Goldman's counsel has had more than sufficient time to prepare a response brief that contains all of the relevant argument and authority within the court's 30-page limit. I

---

[1] ECF No. 33 (Vigilant's summary-judgment motion); ECF No. 63 (Goldman's response); ECF No. 64 (Marquiz's declaration).

[2] ECF No. 70 at 2.

[3] ECF No. 74 at 4–5.

[4] ECF No. 70 at 3.

caution counsel not to abuse the declaration as a vehicle through which to include extraneous argument. Local Rule 7-3(a) requires that "responses to motions for summary judgment are limited to 30 pages, excluding exhibits" and notes that "[p]arties must not circumvent this rule by filing multiple motions."[5] While Goldman did not file multiple motions, the rule's 30-page limit inherently means that substantive argument—such as that contained in Marquiz's declaration—must be presented exclusively within the four corners of the response brief itself. And Local Rule IA 10-1(d) gives the court discretion to "strike any document that does not conform to an applicable provision of these rules."[6] So I exercise that discretion here.

## Conclusion

IT IS HEREBY ORDERED that Vigilant's motion to strike **[ECF No. 70] is GRANTED**. The Clerk of Court is directed to **STRIKE Craig Marquiz's declaration [ECF No. 64] but to leave all attached exhibits on the record**. The Clerk of Court is further directed to change ECF No. 64's title from "Declaration" to "Exhibits" for clarity.

Goldman has **10 days from entry of this order** to revise his response brief to include argument from the declaration, if he chooses to, and refile it in accordance with the Local Rules. If Goldman fails to file a revised response brief by that deadline, I will consider the existing response brief without considering the attached declaration.

Regardless of whether Goldman files a revised response brief, Vigilant has **30 days from entry of this order** to file a reply brief in support of its motion for summary judgment, in

---

[5] L.R. 7-3(a).
[6] L.R. IA 10-1(d).

accordance with the parties' stipulation.[7] No further extensions of time to respond or reply to the summary-judgment motion will be entertained absent extraordinary circumstances.

_____
U.S. District Judge Jennifer A. Dorsey
June 27, 2022

---

[7] ECF No. 69.