**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Robert L. Goldman,<br><br>   Plaintiff<br><br>v.<br><br>Vigilant Insurance Company,<br><br>   Defendant | Case No.: 2:19-cv-02227-JAD-BNW<br><br>**Order Denying Motion to Alter or Amend Judgment**<br><br>[ECF No. 85] |

This case arose from an insurance-coverage dispute between Vigilant Insurance Company and its insured Robert Goldman after a water leak caused damage to Goldman's property.[1] During the claim-adjusting process, Goldman took the position that Vigilant's bad-faith claim-handling practices rendered it equitably estopped from enforcing its rights under the policy, including asserting an examination condition that requires Goldman to submit to examinations under oath.[2] And though the policy contains a legal-action clause that precludes Goldman from bringing suit without having complied with all policy conditions, he filed this case without first sitting for a requested examination.[3] Because I found that the examination condition and legal-action clause were conditions precedent and that Goldman failed to comply with the examination condition pre-suit, I granted Vigilant's motion for summary judgment and dismissed his action.[4] But I did so "without prejudice to Goldman's ability to refile it once he

---

[1] ECF No. 1 at 28, 120. This order does not restate the entire relevant factual background detailed in my prior order dismissing Goldman's claims without prejudice, *see* ECF No. 83, which I incorporate herein by reference.

[2] ECF No. 1 at 110; ECF No. 33-2 at 59.

[3] ECF No. 33-2 at 60.

[4] ECF No. 83 at 20.

brings himself into compliance with his policy conditions[,]" reasoning that Goldman's "failure merely suspends his ability to bring suit" instead of permanently foreclosing coverage.[5]

Vigilant now moves to alter or amend that without-prejudice dismissal to a preclusive one.[6] It argues that this court clearly erred by applying the law of states other than Nevada and that Nevada law compels a dismissal with prejudice.[7] Vigilant fails to cite any controlling Nevada authority that commands that result or show that, in the absence of any controlling authority, the court erred in consulting federal-court decisions in other jurisdictions to predict Nevada law. So I deny Vigilant's motion.

## Discussion

### I. Standard for motion to alter or amend judgment

FRCP 59(e) allows a court to alter or amend a judgment in limited circumstances only.[8] The Ninth Circuit has cautioned against the frequent use of such a motion, explaining that it "should not be granted, absent highly unusual circumstances."[9] Reconsideration is only "appropriate under [FRCP] 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."[10] This rule does not give parties a chance to relitigate previously decided issues or "raise arguments or present

---

[5] *Id.* at 19–20.

[6] ECF No. 85 at 1.

[7] *Id.* at 3–4.

[8] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[9] *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

[10] *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

evidence for the first time" that "could reasonably have been raised earlier in the litigation."[11]

And "the district court enjoys considerable discretion in granting or denying the motion."[12]

## II. Vigilant fails to justify an altered or amended judgment.[13]

### A. The court did not improperly apply the law of other states.

Vigilant first contends that this court improperly "appl[ied] the substantive law of the states of Oregon, Michigan, and Texas" instead of Nevada.[14]  But, as Vigilant acknowledges,[15] in the absence of controlling authority, the court's "role is . . . to predict how [the Supreme Court of Nevada] would resolve the question."[16]  As discussed below, Vigilant fails to point to any controlling authority that compels a prejudicial dismissal.[17]  So my role was to predict whether the Supreme Court of Nevada would dismiss the case with or without prejudice.  Making that prediction in view of decisions from other jurisdictions is not the same as applying the law of

---

[11] *Carroll*, 342 F.3d at 945; *see Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that "the purpose of Rule 59" is not to give parties a "forbidden 'second bite at the apple'") (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

[12] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

[13] Vigilant also fails to explain why, even if Goldman is permanently barred from coverage, Goldman's bad-faith and statutory claims—the merits of which do not depend on Goldman's ability to collect under the policy—should be dismissed with prejudice. *Cf. Allstate Ins. Co. v. Miller*, 212 P.3d 318, 325 (Nev. 2009) (holding that "a bad-faith action applies to more than just an insurer's denial or delay in paying a claim").  Though I found in my prior order that Vigilant did not waive its ability to assert the examination condition, I made no similar finding as to the other conditions or whether they were asserted in bad faith. *See* ECF No. 83 at 18 (noting that Vigilant's statement that it needed only limited follow-up information may have been inconsistent with its later request for many additional documents).

[14] ECF No. 85 at 3.

[15] *Id.* at 4.

[16] *U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortg. Pass-Through Certificates, Series 2005-F v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (citation omitted).

[17] *See infra* Section II.B.

3

those jurisdictions. Indeed, the Supreme Court of Nevada regularly looks to decisions from other states, including in the very insurance cases that Vigilant relies on.[18] Doing so is especially appropriate here because Nevada contract law is similar to the law applied in the cases I found persuasive.[19] So this court did not apply the law of other jurisdictions, nor did it clearly err in citing persuasive authority from other jurisdictions in its order.

---

[18] *See State Farm Mut. Auto. Ins. Co. v. Cassinelli*, 216 P.2d 606, 616 (Nev. 1950) (holding that prejudice is immaterial "[b]y reason of the overwhelming weight of authority of the courts of last resort within the United States"); *Las Vegas Metro. Police Dep't v. Coregis Ins. Co.*, 256 P.3d 958, 965 (Nev. 2011) (adopting the notice-prejudice rule "[i]n accordance with the majority of jurisdictions").

[19] *Compare Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014) (explaining that Nevada courts interpret contracts, including insurance policies, to determine the parties' intent and "from the perspective of one not trained in law or insurance, with the terms of the contract viewed in their plain, ordinary[,] and popular sense" and that the interpretation should "consider the policy as a whole 'to give reasonable harmonious meaning to the entire policy" and "should not lead to an absurd or unreasonable result") (quoting *Siggelkow v. Phoenix Ins. Co.*, 846 P.2d 303, 304 (Nev. 1993)); *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011) (noting that ambiguities in the policy "will be interpreted against the insurer") *with Holloway v. Republic Indem. Co. of Am.*, 147 P.3d 329, 333 (Or. 2006) (explaining that interpreting insurance policies involves "ascertain[ing] the intention of the parties[,] . . . consider[ing] whether [a] phrase in question has a plain meaning[,] . . . and resolv[ing] [doubts] against the insurance company"); *Frankenmuth Mut. Ins. Co. v. Masters*, 595 N.W.2d 832, 837 (Mich. 1999) (explaining that Michigan courts "construe [insurance] polic[ies] in favor of the insured" and "interpret the terms of an insurance contract in accordance with their commonly used meaning") (internal quotations omitted); *Klapp v. United Ins. Grp. Agency, Inc.*, 663 N.W.2d 447, 453 (Mich. 2003) ("Courts must also give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory"); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017) (explaining that "Texas courts are to construe insurance policies using ordinary rules of contract interpretation"; to "harmonize and give effect to all provisions"; and adopt reasonable, unambiguous interpretations) (citations omitted).

### B. Vigilant fails to show that Nevada law clearly compels a with-prejudice dismissal.

Vigilant next contends that this court committed clear error by granting a non-prejudicial dismissal contrary to Nevada law.[20] It asserts that "Nevada law *permanently* precludes an insured from pursuing an action[] and requires dismissal with prejudice when an insured breaches conditions precedent to coverage."[21] Vigilant divines this purported rule from Black's Law Dictionary's definition of "preclude"—"[t]o prohibit or prevent from doing something"[22]—and a slate of cases—primarily *State Farm Mutual Automobile Insurance Company v. Cassinelli*—holding that "insureds are 'precluded from recovery by reason of their failure' to satisfy conditions precedent."[23] Vigilant overreads *Cassinelli*.

In *Cassinelli*, the Supreme Court of Nevada considered "whether the insured was precluded from recover[ing]" coverage under his car-insurance policy because he "fail[]ed to give the notices required by the policy."[24] The policy required the insured to provide "written notice . . . to the company as soon as practicable" after an accident, including notices of lawsuits.[25] The policy also contained a legal-action clause that barred suit "against the company unless . . . the insured shall have fully complied with all the terms of th[e] policy."[26] The insured

---

[20] ECF No. 85 at 3. Though it does not explicitly rely on the clear-error prong of Rule 59(e), Vigilant does not cite new evidence or a change in the law or appear to contend that the order was unjust; it instead questions this court's application of existing law.

[21] ECF No. 85 at 3 (emphasis added).

[22] *Id.* at 5 (citing Black's Law Dictionary (6th ed. 2019)).

[23] *Id.* at 6 (cleaned up) (quoting *Cassinelli*, 216 P.2d at 607).

[24] *Cassinelli*, 216 P.2d at 609.

[25] *Id.*

[26] *Id.*

5

was involved in a car accident and was sued but failed to notify State Farm until four months later.[27] Because of this delay, the Court held that the insured "fail[ed] to perform the condition precedent . . . of giving notice of the suit . . . within a reasonable time" and directed the lower court to enter judgment for the defendant.[28]

     *Cassinelli* does not compel a similar result here. Though Vigilant attempts to similize the conditions precedent in *Cassinelli* to those in Goldman's policy,[29] there is a key distinction: the condition in *Cassinelli* required notice of suits "as soon as practicable[,]"[30] whereas the condition here requires Goldman to sit for an examination under oath without any reference to time.[31] So, while Mr. Cassinelli could never put the genie back in the bottle and cure his delay—making judgment with prejudice appropriate—Goldman can still satisfy the examination condition precedent—making judgment without prejudice more suitable.[32] The other Supreme Court of

---

[27] *Id.*

[28] *Id.* at 616.

[29] ECF No. 85 at 6.

[30] *Cassinelli*, 216 P.2d at 609.

[31] ECF No. 33-2 at 60. Vigilant appears to attempt to raise other conditions that it contends Goldman violated. ECF No. 85 at 2. But my prior order only found that Goldman violated the examination condition by failing to sit for a requested examination and the legal-action clause by suing without first complying with the examination condition. ECF No. 83 at 10.

[32] *Cassinelli* also doesn't compel dismissal with prejudice due to Goldman's violation of the legal-action clause; that clause, unlike the condition in *Cassinelli* and the examination condition here, is a condition precedent to filing suit, not a condition precedent to coverage. *See* ECF No. 83 at 8. Regardless, Vigilant does not appear to rely on the legal-action clause for its argument that dismissal with prejudice is warranted.

Nevada cases that Vigilant relies on also involved lawsuit-notice conditions that required timely notice,[33] so they are similarly inapposite.[34]

Vigilant's Ninth Circuit authority likewise doesn't compel dismissal with prejudice. In *Keller v. Federal Insurance Company*, a panel of the Ninth Circuit—in an unpublished decision based on California law—affirmed summary judgment for an insurer that denied coverage because the insureds failed to bring their lawsuit within the time required by the policy.[35] But while an untimely suit would justify dismissal with prejudice, Vigilant does not argue that Goldman waited too long to file suit. Vigilant's reliance on *Cordova v. American Family Mutual Insurance Company*—an order from another judge in this district—is also unavailing. Vigilant

---

[33] ECF No. 85 at 6. *See Las Vegas Star Taxi, Inc. v. St. Paul Fire & Marine Ins. Co.*, 714 P.2d 562, 562 (Nev. 1986) (noting that "[t]he language used in the policy makes it amply clear that *timely* notice is a condition of coverage and must be carried out in order to render the insurance company liable under its contract of insurance") (emphasis added); *Las Vegas Metro. Police Dep't v. Coregis Ins. Co.*, 256 P.3d 958, 960 (Nev. 2011) (noting that the condition "required [the insured] to provide [the insurer] notice of an occurrence that may result in a claim *as soon as practicable* and to *immediately* provide [the insurer] copies of any demands or other legal documents") (emphases added).

[34] Even though the examination condition here doesn't specify a time requirement, Nevada law may nonetheless require Goldman to sit for an examination in a reasonable time. *Mayfield v. Koroghli*, 184 P.3d 362, 366 (Nev. 2008) (holding that a party to a contract is "excused from performing under the contract" if the other party "fail[s] to perform within a reasonable time" under the circumstances). Nevada law may also foreclose coverage permanently if Goldman continues to refuse to sit for the examination even though I rejected his argument that Vigilant could not request one. *Cf. Brown v. State Farm Fire & Cas. Co.*, 381 P.3d 597, 597 (Nev. 2012) (unpublished) (holding that "once appellant failed to attend the [examination] after the district court addressed appellant's arguments concerning the scope of the [examination], the district court did not err in determining that respondent was not required to provide coverage for the accident to appellant based on appellant's violation of the insurance contract"). But I make no findings or conclusions on these issues because the parties did not adequately address them in the briefing underlying this or my prior order. For the same reason, I do not address whether Vigilant, by sending a letter that it would reconsider its denial after Goldman filed the lawsuit, waived its ability to argue that Goldman's lawsuit permanently relieves Vigilant of the burden to provide coverage. *See* ECF No. 33-38 at 2. The parties can address these issues if Goldman or Vigilant brings another action.

[35] *Keller v. Fed. Ins. Co.*, 765 F. App'x 271, 273 (9th Cir. 2019) (unpublished).

cites *Cordova* for the proposition that if an insured "fails to comply with [his] duty [under the policy], then [the insurer] has no duty to provide coverage if it is prejudiced by [the insured's] noncompliance."[36] But neither *Cordova* nor the Ninth Circuit's partial, unpublished affirmance of it turned on that statement or whether dismissal with or without prejudice was appropriate, as the district court let the insured's breach-of-contract claim go to trial because it was "unclear whether [the insured] was prejudiced."[37] So none of the authority that Vigilant cites clearly compels a with-prejudice dismissal here.[38]

## Conclusion

IT IS THEREFORE ORDERED that Vigilant's motion to alter or amend judgment **[ECF No. 85] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
February 15, 2023

---

[36] ECF No. 85 at 8 (quoting *Cordova v. Am. Fam. Mut. Ins. Co.*, 2015 WL 3660329, at *3 (D. Nev. June 12, 2015)).

[37] *Cordova*, 2015 WL 3660329, at *3; *Cordova v. Am. Fam. Mut. Ins. Co.*, 700 F. App'x 762 (9th Cir. 2017) (unpublished).

[38] Vigilant also points to several cases from other judges in this district, none of which is controlling and all of which I find distinguishable or unpersuasive. ECF No. 85 at 6–8.

8